J-S43016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD SMITH | : | |
| | : | |
| Appellant | : | No. 3323 EDA 2024 |

Appeal from the PCRA Order Entered November 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1203321-1991

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 10, 2026**

Richard Smith appeals from the order dismissing as untimely his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 1993, a jury convicted Smith of first-degree murder, possession of instrument of crime, and abuse of a corpse.[1] The trial court sentenced him to life imprisonment on the murder conviction, one to two years' imprisonment on the abuse of corpse conviction, and two and a half to five years' imprisonment on the possession of instrument of crime conviction. This Court affirmed the judgment of sentence in 1994. Smith did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 907, and 5510, respectively.

In May 2022, Smith filed the instant PCRA petition. He filed a supplemental petition in August 2024,[2] alleging that he had "obtained newly discovered evidence from a fellow inmate . . . that [the] PCRA court and counsel had [a] financial relationship during his 1999 PCRA Proceeding." Amended PCRA Petition, filed August 23, 2024, at 4. He maintained that another inmate informed him in July 2024 that at the time of Smith's initial PCRA proceedings,[3] the attorney who represented him in the proceedings and the PCRA court judge who presided over the proceedings had worked together on a book entitled "Pennsylvania Benchbook for Criminal Proceedings, Third Edition." *Id.* at 6. Smith maintained the PCRA court judge, who had also presided over his trial, "failed to safeguard his Constitutional rights to secure this wrongful conviction" and his counsel, as partner on the book project, "had a serious interest to scuttle [Smith's] PCRA proceeding to maintain the illusion that [the judge] was an administrator of justice." *Id.* at 6-7. He alleged the court failed to notify him of the alleged conflict of interest and he would not have discovered the collaboration on the book without the help from the inmate. He alleged he suffered prejudice because the failure to inform him of the conflict of interest "constituted a breakdown in the judicial process which interfered with his due process rights." *Id.* at 7.

_____

[2] Smith also filed a leave to amend and an amended petition in March 2023. The claims raised in that amended petition are not at issue on appeal.

[3] Smith attached to the petition an affidavit from the inmate which stated the inmate told Smith about the book in July 2024. Amended PCRA Petition, filed August 23, 2024, at Exh. A.

The PCRA court addressed whether Smith satisfied the government interference exception to the PCRA time bar, and concluded that Smith did not do so. It found Smith failed to substantiate his allegations or "present[] any information whatsoever as to how any such collaboration between counsel and the court had any negative impact on his case, either in the form of counsel's ineffectiveness, or any other alleged conflict of interest." PCRA Ct. Op., filed Nov. 15, 2024, at 2-3. The PCRA court issued notice of its intent to dismiss the petition without a hearing and in November 2024 dismissed the petition. Smith timely appealed.

Smith raises the following issue: "Did [the] PCRA court err when it dismissed [Smith's] claim of newly discovered evidence that his initial PCRA court[] judge . . . had a conflict of interest?" Smith's Br. at 4.

"Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa.Super. 2011). Any PCRA petition must be filed within one year from the judgment of sentence becoming final, unless a statutory exception applies. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The time-bar exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). A petitioner must raise the claim within one year from the time the claim could have been raised. *Id.* at § 9545(b)(2).

In his brief, Smith relies on the newly discovered fact exception to the PCRA time-bar.[4] He claims that the initial PCRA court had a conflict of interest because it had a financial relationship with his PCRA counsel during the 1999 PCRA proceedings. He alleges he raised this claim within one year of learning of it from his fellow inmate. Smith maintains he has a governmental interference claim because he received new evidence of the conflict of interest. He disputes the PCRA court's finding that he did not substantiate the assertions with evidence, noting he added the book information as an exhibit. Smith further argues the court erred in finding Smith had not presented information on how the collaboration had a negative impact on his case, claiming that the government interference "altered the constitutional structure

_____

[4] Smith also raised the newly-discovered fact exception in his supplemental PCRA petition.

- 4 -

of [Smith's] PCRA proceeding." Smith's Br. at 11. He claims the initial PCRA proceedings violated his due process rights.

We conclude Smith did not satisfy the newly discovered fact exception to the PCRA time bar. To qualify for the exception, a petitioner must establish that "the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017); *accord Commonwealth v. Brown*, --- A.3d ---, 2026 WL 227113, at *9 (Pa. 2026). Here, Smith arguably claims due diligence in his allegation that he would not have obtained the information about the authors of the book without the help of the fellow inmate. However, he did not explain how that is so. He has never offered a reason he could not have obtained the information earlier with the exercise of due diligence. In that respect, he failed to carry his burden to establish the applicability of a time-bar exception.

Even if we read his petition generously as asserting that he could not have obtained the evidence earlier, his substantive claim lacks merit. Smith appears to assert that the PCRA court's alleged conflict of interest violated his due process rights and "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *See* 42 Pa.C.S.A. § 9543(a)(2)(i). Smith has failed to plead and prove this claim. Smith's bald assertions that an alleged conflict of interest between the PCRA court and counsel "constituted a breakdown in the judicial process which interfered with his due process rights" is not sufficient. Smith has pointed to

no ruling or action by the PCRA court that exhibited bias, or any meritorious PCRA claim that counsel should have raised in the prior proceeding, because of the alleged conflict of interest. As the PCRA court concluded, Smith "did not present any information whatsoever as to how any such collaboration between counsel and the court had any negative impact on his case, either in the form of counsel's ineffectiveness, or any other alleged conflict of interest." PCRA Ct. Op at 2-3.[5,6]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/10/2026

_____

[5] To the extent Smith is attempting to claim that his prior PCRA counsel was ineffective, we would conclude the claim lacked merit because Smith failed to plead and prove prejudice, as he has not proven the outcome of the PCRA proceeding would have been different. *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa.Super. 2019) (listing the three ineffectiveness prongs, including that a petitioner must prove any alleged ineffectiveness prejudiced him by establishing that "there is a reasonable probability the outcome of the proceedings would have been different").

[6] The trial court concluded Smith's PCRA petition was untimely because he failed to satisfy the government interference exception. We can affirm the PCRA court's decision on any legal basis supported by the certified record. *Commonwealth v. Williams*, 125 A.3d 425, 433 n. 8 (Pa.Super. 2015).